UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

RECEIPT # _____
AMOUNT $ 150—
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-23-04

CIVIL ACTION NO.

ADAM J. VISNICK
and
HOWARD VISNICK
Plaintiffs

vs.  04-10815MLW

SANCTUARY 4298 INVESTMENTS LLC
Defendant

MAGISTRATE JUDGE Collings

## COMPLAINT

**INTRODUCTION:**

The plaintiff Adam Visnick obtained a residential real estate mortgage from the defendant Sanctuary 4298 Investments, LLC. The loan was guaranteed by the plaintiff Howard Visnick. The defendant failed to comply with "Regulation Z" contained in 12 CFR 226 promulgated under the authority of the Truth in Lending Act, 15 U.S.C. Sec. 1640 *et seq.*, and the plaintiffs demanded rescission. The defendant refused to rescind and has proceeded to foreclose. The plaintiffs demand relief under both state and Federal law.

The plaintiffs ask that the defendant be enjoined from foreclosing and compelled to rescind. The plaintiffs further ask that they be permitted to pay the amount due under Regulation Z and receive damages.

**THE PARTIES:**

1.)   The plaintiff Adam J. Visnick is a resident of the City of Gloucester and a citizen of the Commonwealth of Massachusetts. At all times material hereto he owned and

resided in his primary residence at 15 A Plum Street, Gloucester, Massachusetts. At all times material hereto Adam Visnick was a "consumer" within the meaning of Section 226.23(a) of Title 12 of the Code of Federal Regulations. At all times material hereto, 15A Plum Street was Adam Visnick's "principal dwelling" within the meaning of Section 226.23(a) of Title 12 of the Code of Federal Regulations.

2.)  The plaintiff Howard Visnick is a resident of the City of Gloucester and a citizen of the Commonwealth of Massachusetts. At all times material hereto he has resided in his primary residence at 15A Plum Street, Gloucester, Massachusetts. He is the father of Adam Visnick.

3.)  The defendant Sanctuary 4298 Investments LLC (hereinafter "Sanctuary") is a limited liability company organized under the laws of State of Delaware with a usual place of business at 647 Sanctuary Drive, Boca Raton, Florida. On information and belief Sanctuary lends money to consumers and secures its loans with residential mortgages within the meaning of Section 226.23 of Title 12 of the Code of Federal Regulations.

**JURISDICTION:**

4.) This action is subject to the grant of Federal Question jurisdiction contained in Section 1331 of Title 28 of the United States Code. It is also subject to the grant of diversity jurisdiction contained in Section 1332 of Title 28 of the United States Code. There is complete diversity of citizenship among the plaintiffs and defendant, and the value of the controversy exceeds SEVENTY-FIVE THOUSAND ($75,000) DOLLARS. Additionally, the action is subject to the grant of special jurisdiction contained in the Truth in Lending Act, 15 U.S.C. §1640, *et seq*. To the extent that state law claims are

alleged, the claims are the subject of Ancillary and Supplemental jurisdiction conferred under Section 1367 of Title 28 of the United States Code.

**SUBSTANTIVE ALLEGATIONS:**

5.) On or before January 20, 2003, Adam J. Visnick owned a home a 15A Plum Street, Gloucester, Massachusetts. The property consisted of two contiguous parcels recorded at the Essex South Registry of Deeds at Book 16973 Page 175 and Book 18912 Page 455.

6.) On or before January 20, 2003 Adam Visnick desired to re-finance a promissory note secured by mortgage on his home granted to Chase Manhattan Mortgage Company. The re-financing was not for a business purpose.

7.) On or before January 20, 2003 Howard Visnick called Robert Abrams, a former client and social acquaintance in Boca Raton, Florida and asked if he knew any residential lenders in the Boston area interested in refinancing his son's home. Mr. Abrams referred Howard Visnick to Mr. Abram's wife, Alice Abrams, a mortgage broker.

8.) On or before January 20, 2003 Alice Abrams placed the mortgage with the defendant Sanctuary. On information and belief, Robert Abrams and Alice Abrams have an ownership interest in Sanctuary.

9.) On or about January 20, 2003, Adam Visnick executed a Promissory Note, secured by a mortgage deed on his residence, payable to Sanctuary. The Note was guaranteed by Howard Visnick. The mortgage deed, entitled Mortgage And Security Agreement And Financing Agreement, was recorded at the Essex County Registry of Deeds (Southern District), at Book 20027 Page 205. A copy of the Promissory Note and

Mortgage And Security Agreement And Financing Agreement are attached hereto as Exhibits 1 and 2. At all times material hereto the Promissory Note and Mortgage And Security Agreement And Financing Agreement were an "extension of credit" within the meaning of Section 226.23(a) of Title 12 of the Code of Federal Regulations.

10.) Neither Adam Visnick nor Howard Visnick were provided with a notice of Adam Visnick's right to rescind under Section 226.23(b) of Title 12 of the Code of Federal Regulations at or after the closing. Section 226.8(a) required the provision by the lender to the borrower of such notice "before the transaction...(was)... consummated." *See also* 15 U.S.C. §1639.

11.) The Promissory Note stated in pertinent part that the principal was $260,000.00. This amount included an origination fee to Sanctuary in the amount of $6,000.00 and a pre-payment of $15,600.00 as interest due for the six month period following the closing.

12.) 12 C.F.R. Sec. 226.23(a)(3) provides, in part and subject to exceptions, for a right of rescission to Adam Visnick for a period not to exceed three years from the date of closing in the event no right of rescission notice was provided. None of the exceptions applied to Adam Visnick.

13.) Interest was paid through July 21, 2003. Through circumstances beyond his control, Adam Visnick failed to make payments thereafter and had difficulty obtaining refinancing.

14.) On or about February 25, 2004 Sanctuary obtained a judgment of foreclosure under the Soldiers and Sailors Relief Act of 1940, as amended, in the <u>Sanctuary 4298 Investments, LLC v. Adam Visnick</u>, Land Court No. 294735.

15.) On or about March 4, 2004 Sanctuary advertised a foreclosure sale of the Visnick property to be held on April 3, 2004. This sale date was later continued to May 5, 2004.

16.) On or about March 23, 2004 Adam Visnick exercised his right to rescind the Sanctuary mortgage. Adam Visnick and Howard Visnick each served a Notice To Cancel pursuant to Section 226.23(a) of Title 12 of the Code of Federal Regulations. The Notices To Cancel were received by Sanctuary on March 25, 2004 and by Sanctuary's attorney David Wardwell on March 24, 2004. Under Section 226.23(d) 1), any security interest giving rise to the right of rescission became void when Adam Visnick exercised the right of rescission. The security interest was automatically negated regardless of its status and whether or not it was recorder or perfected. (A copy of each Notice to Cancel is attached hereto as Exhibit 3.)

17.) Under Section 226.23(d)(2) of Title 12 of the Code of Federal Regulations, Sanctuary was required to take any action necessary to reflect the fact that the security interest no longer existed. Those steps included the cancellation of documents creating the security interest and the filling of discharge, release or termination statements in the public record. Notwithstanding the notices of rescission, Sanctuary failed and refused to agree to rescind the transaction, discharge the mortgage, vacate the judgment in the Land Court and/or cancel the foreclosure proceedings.

18.) On April 15, 2004 Adam Visnick received a written commitment from a *bona fide* lender to finance the payment of the rescission amount. (A copy of the commitment letter is attached hereto as Exhibit 4.)

19.) On April 19, 2004 Adam Visnick sent a notice by certified mail to Sanctuary and its counsel demanding that a closing date be set. (A copy of the demand is attached hereto as Exhibit 5.)

20.) On April 21, 2004 Sanctuary through its counsel gave notice that it refused to rescind, and Sanctuary rescheduled the foreclosure to May 19, 2004. (A copy of the notice is attached hereto as Exhibit 6.)

**COUNT I (Truth In Lending Act Violation):**

21.) Adam Visnick incorporates by reference the allegations contained in paragraphs 1.) through 20.).

22.) The above loan from Sanctuary to Adam Visnick is subject to The Truth in Lending Act, 15 U.S.C. §1640, *et seq.*, and "Regulation Z", otherwise known as 12 CFR 226.23, promulgated thereunder.

23.) Pursuant to 12 CFR 226.23(d)(2)(1), Adam Visnick may rescind the transaction by repaying to Sanctuary an amount equal to the principal that was lent. To the extent that the principal included pre-payments of interest, expenses and or fees, the pre-payments, expenses and fees shall be deducted from the amount to be repaid.

24.) Adam Visnick is entitled to recover damages pursuant to 15 U.S.C. §1640(a), *et seq*. Such damages include, in particular but not in limitation, all actual damages, twice the amount of any finance charge in connection with the transaction and legal fees.

25.) As a result of the breach of the implied covenant of good faith and fair dealing, the Adam Visnick incurred legal fees and suffered damaged credit and emotional distress.

**WHEREFORE,** the plaintiff Adam Visnick prays this Honorable Court:

a.) Grant an ORDER temporarily restraining SANCTUARY 4298 INVESTMENTS LLC from foreclosing on 15A Plum Street, Gloucester, Mass.

b.) Grant an ORDER preliminarily enjoining SANCTUARY 4298 INVESTMENTS LLC from foreclosing on 15A Plum Street, Gloucester, Mass.

c.) Grant an ORDER requiring the defendant SANCTUARY 4298 INVESTMENTS LLC to discharge its mortgage on 15A Plum Street, Gloucester, Mass.

d.) Grant an ORDER requiring the defendant SANCTUARY 4298 INVESTMENTS LLC to take such action as may be necessary to vacate the judgment of foreclosure issued in the matter <u>Sanctuary 4298 Investments, LLC v. Adam Visnick</u>, Land Court Case No. 294735 and dismiss said action with prejudice.

e.) Declare and determine the amount of money required to be paid by Adam Visnick to SANCTUARY 4298 INVESTMENTS LLC consistent with rescission.

f.) Grant an ORDER that compels SANCTUARY 4298 INVESTMENTS LLC to accept in full satisfaction the amount to be paid pursuant to "Regulation Z."

g.) Award damages, costs, expenses and reasonable attorney's fees; and

h.) Grant any such further relief as justice and equity may require.

**COUNT II (Breach of Implied Covenant of Good Faith):**

26.) Adam and Howard Visnick incorporate by reference the allegations contained in paragraphs 1.) through 20.)

27.) The actions of Sanctuary represent extreme and outrageous conduct and constitute a breach of the implied covenant of good faith and fair dealing contained in the Note and Mortgage.

28.) As a result of the breach of the implied covenant of good faith and fair dealing, the plaintiffs have suffered damaged credit and emotional distress.

**WHEREFORE,** the plaintiff Adam Visnick and Howard Visnick jointly and severally pray:

   a.) For Judgment against the defendant SANCTUARY 4298 INVESTMENTS LLC for compensatory damages;

   b.) For Judgment against the defendant SANCTUARY 4298 INVESTMENTS LLC for punitive damages;

   c.) For an award of pre-judgment interest, post judgment interest, costs and reasonable attorney's fees; and

   d.) For any such further relief as justice and equity may require.

**DEMAND FOR JURY TRIAL**

The plaintiffs demand trial by jury on all counts.

By their attorney:

Robert S. Wolfe, Esq.
Robert Wolfe Associates, P.C.
65 Middle Street
P.O. Box 1600
Gloucester, Ma. 01930
BBO# 532500

(978) 281-0190 Tel.

April 22, 2004

April 22, 2004