UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10815 MLW

ADAM J. VISNICK
and
HOWARD VISNICK
Plaintiffs

vs.

SANCTUARY 4298 INVESTMENTS LLC
Defendant

## AFFIDAVIT OF ADAM VISNICK DATED APRIL 22, 2004

I, Adam Visnick, hereby take oath and swear:

1.) I am a resident of the City of Gloucester and a citizen of the Commonwealth of Massachusetts. At all times material hereto I have owned and resided in 15 A Plum Street, Gloucester, Massachusetts. This had been my primary residence and principal dwelling.

2.) Howard Visnick is a resident of the City of Gloucester and a citizen of the Commonwealth of Massachusetts. He also resides at 15A Plum Street, Gloucester, Massachusetts. He is my father.

3.) The property consisted of two contiguous parcels recorded at the Essex South Registry of Deeds at Book 16973 Page 175 and Book 18912 Page 455.

6.) Prior to January 20, 2003 I needed to re-finance the existing mortgage on my home with Chase Manhattan Mortgage Company. I recently had a business that failed, Rockport

Page -1-

Whale Watch Corporation, and I was unable to make my mortgage payments on a timely basis. I wanted to refinance my home so that I could use the equity to support myself and pay outstanding obligations. I asked my father to help me find a mortgage lender.

7.) On or before January 20, 2003 my father Howard Visnick called Robert Abrams, a former client of his, very successful business man, and social acquaintance of ours in Boca Raton, Florida and asked if he knew any residential lenders in the Boston area interested in refinancing my home. My father later told me that Mr. Abrams referred him to Mr. Abram's wife, Alice Abrams, a mortgage broker.

8.) Alice Abrams placed my mortgage with Sanctuary 4298 Investments, LLC (hereinafter "Sanctuary"). I believed that Robert Abrams and Alice Abrams had an ownership interest in Sanctuary. I was told that David Wardwell, a Boston attorney, would handle the loan for Sanctuary.

9.) On or about January 20, 2003, I executed a Promissory Note and mortgage deed on my residence with the note payable to Sanctuary. The Note was guaranteed by my father. I understood that the paperwork was prepared by Attorney Wardwell. I did not receive at or after the closing any disclosure statement under the Truth in Lending Act regarding my right to rescind.

10.) On information and belief, the mortgage deed, entitled Mortgage and Security Agreement and Financing Agreement, was recorded at the Essex County Registry of Deeds (Southern District), at Book 20027 Page 205. A copy of the Promissory Note and Mortgage and Security Agreement and Financing Agreement are attached to the Complaint as Exhibits 1 and 2.

11.) The Promissory Note stated in pertinent part that the principal was $260,000.00. The Note was due and payable on July 21, 2003. The principal amount included an origination fee to Sanctuary in the amount of $6,000.00 and a pre-payment of $15,600.00 as interest due for the six month period following the closing.

12.) Interest was paid through July 21, 2003. The house was valued to be in excess of $400,000 by my real estate broker. Before and after July 21, 2003 I took steps to refurbish the home for resale or re-finance with the goal, in part, of paying off the mortgage.

13.) Through circumstances most of which were beyond my control, I failed to refinance or sell the home on or before July 21, 2003. The Note went into default, and the lender refused to re-write or extend the note. However, there were negotiations regarding attempts to sell and/or refinance the house with other lenders.

14.) On or before February 25, 2004 Sanctuary filed suit and obtained a judgment of foreclosure under the Soldiers and Sailors Relief Act of 1940, as amended, in the <u>Sanctuary 4298 Investments, LLC v. Adam Visnick</u>, Land Court No. 294735.

15.) On or about March 4, 2004 Sanctuary advertised a foreclosure sale of my home to be held on April 3, 2004. This sale date was later continued to May 5, 2004.

16.) During this period Attorney Wardwell called my father and me and asked us to come in and sign a waiver of my right to rescind the transaction. I then learned that the lender had not complied with the Truth and Lending Act disclosures regarding the right of rescission.

17.) On or about March 23, 2004 I exercised my right to rescind the Sanctuary mortgage. My father and I each served a Notice To Cancel pursuant to Section 226.23(a) of Title 12 of the Code of Federal Regulations. The Notices To Cancel were received by Sanctuary on

March 25, 2004 and by Sanctuary's attorney David Wardwell on March 24, 2004. (A copy of each Notice to Cancel is attached to the Complaint as Exhibit 3.)

18.) Notwithstanding the notices of rescission, Sanctuary failed and refused to agree to rescind the transaction, discharge the mortgage, vacate the judgment in the Land Court and/or cancel the foreclosure proceedings.

19.) On April 15, 2004 I received a written commitment from a *bona fide* lender to finance the payment of the rescission amount. (A copy of the commitment letter is attached to the Complaint as Exhibit 4.)

20.) On April 19, 2004 I sent a notice by certified mail to Sanctuary and its counsel demanding that a closing date be set. (A copy of the demand is attached to the Complaint as Exhibit 5.)

21.) On April 21, 2004 Sanctuary through its counsel gave notice that it refused to rescind, and Sanctuary rescheduled the foreclosure to May 19, 2004. (A copy of the notice is attached to the Complaint as Exhibit 6.)

Under pains and penalties of perjury:

Adam Visnick

Dated: April 23, 2004