UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10815 MLW

ADAM J. VISNICK
and
HOWARD VISNICK
Plaintiffs

vs.

SANCTUARY 4298 INVESTMENTS LLC
Defendant

## MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED HEARING AND PRELIMINARY INJUNCTION DATED MAY 6, 2004

The plaintiff Adam J. Visnick has moved this Honorable Court pursuant to Fed.R.Civ.P. Rule 65 to schedule an expedited hearing and issue a preliminary injunction. The relief sought includes an injunction against the foreclosure sale and the discharge of the mortgage subject to the posting of $300,000 with the Clerk as security.

I. **HISTORY OF PROCEEDINGS:**

The Complaint was filed on April 26, 2004 with a Motion for the issuance of a short order of notice attendant to a request for preliminary injunction. An Affidavit of Adam Visnick Dated April 22, 2004 was also filed. A courtesy copy of the Complaint, Motion and Affidavit were served by mail on opposing counsel on April 26, 2004, and the papers were served on the defendant on May 4, 2004.

Page -1-

Counsel for the plaintiff was subsequently advised by the docket clerk that "short orders" were not the practice under the Federal Rules and that a Motion for Expedited Hearing and Preliminary Injunction should be filed with a supporting memorandum. A Motion for Expedited Hearing and Preliminary Injunction together with this Memorandum are now presented for consideration with service on the defendant and its counsel.

## II. STATEMENT OF FACTS:

Adam Visnick is the owner of a home at 15A Plum Street in Gloucester, Massachusetts. This is his principal residence. (Adam Visnick Affidavit, par. 1) The defendant Sanctuary 4298 Investments LLC is a lender who holds a first mortgage on the property. (Adam Visnick Affidavit, pars. 8-9) The lender declared a default under the Mortgage Note of Adam Visnick dated January 20, 2003. (Adam Visnick Affidavit, pars. 13-14)

The face amount of the Promissory Note was $260,000. The principal included a $6,000 origination fee and prepaid interest of $15,600. (Adam Visnick Affidavit, Exh. 1)

The lender failed to give notice to Adam Visnick of his right to rescind at the closing consistent with the Truth in Lending Act, 15 U.S.C. §1640 and regulations promulgated thereunder. (Adam Visnick Affidavit, pars. 9, 16) When Adam Visnick learned of his right to rescind, he gave notice of his intention to rescind. (Adam Visnick Affidavit, pars. 16-17) Notwithstanding receipt of the notice to rescind, the defendant again violated the Truth in Lending Act and regulations, refused to rescind, and scheduled a foreclosure sale of the Visnick home for May 19, 2004. (Adam Visnick Affidavit, pars. 18-21)

On April 19, 2001 Visnick gave notice to the defendant that he had financing sufficient to pay the rescission amount and asked that a closing be scheduled. (Adam Visnick Affidavit, pars. 19-20) The defendant refused to set a closing date. (Adam Visnick Affidavit, par. 21)

Adam Visnick entered into a Contract to Purchase on May 5, 2004 for the sale of the property on or before July 31, 2004 in the amount of $420,000. If the foreclosure sale proceeds, it will cause immediate and irreparable harm. (Affidavit of Howard Visnick)

### III. STATEMENT OF ISSUES:

Is it appropriate to grant an expedited hearing, require the discharge of the mortgage subject to the posting of cash security in the amount of $300,000, and enjoin the pending foreclosure?

### IV. ARGUMENT:

A preliminary injunction is appropriate.

  A.) <u>The defendant violated The Truth in Lending Act and regulations promulgated thereunder</u>:

   1.) <u>Requirement of Disclosure</u>:

The purpose of the Truth in Lending Act, 15 U.S.C. §1601, *et seq.* is "... to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him ...." 15 U.S.C. §1601. It provides a damage remedy and right to rescind a loan agreement to the borrower when the lender's disclosure statement is statutorily inadequate. 15 U.S.C. §§1635(a), 1640(a). The intent of the statute is "... first to provide for a right of rescission upon the creditor's failure to disclose material information about the transaction itself, and second to provide for a right of rescission upon the creditor's failure to disclose the required information regarding the consumer's right to rescind." <u>Williamson v. Lafferty</u>, 698 F.2d 767, 769 (5th Cir. 1983)

A "consumer" is defined as a "person ... (having) ... an ownership interest in the dwelling that is encumbered by the creditor's security interest." 1 C.F.R. §226.23(a)(2). The information

required to be disclosed is outlined in footnote 48 of 12 C.F.R. §223 and §226.23(b)(1)(i) through (v).

No disclosure was made by Sanctuary consistent with the Act or 12 C.F.R. §226.23.

2.) <u>Date of Rescission</u>:

15 U.S.C. §1635(f) provides that if "... a creditor fails to deliver the forms, or fails to provide the required information, then the consumer's right of rescission extends for three years after the date of consummation of the transaction. Another regulation provides that

> The Consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) or this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first. 12 C.F.R. §226.23(a)(3)

<u>Taylor v. Domestic Remodeling, Inc.</u>, 97 F.3d 96, 98 (5th Cir. 1996). "Any security interest giving rise to the right of rescission *becomes void* when the consumer exercises the right of rescission." (*Emphasis added*)12 C.F.R. §226.23(d)(1).

Adam Visnick gave written notice of his intent to rescind on March 23, 2004. Sanctuary failed to discharge its mortgage within ten days thereafter. Indeed, it pursued its efforts to foreclose.

3.) <u>Method of Notification of Rescission</u>:

"The consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. 12 C.F.R. §226.23(a)." *Id.*, at 98. The written Notice to Cancel was sent by Adam Visnick to Sanctuary by certified mail, return receipt requested.

4.) <u>Consequences of Rescission</u>:

The Code of Federal Regulations requires the termination of the security interest ***before*** the consumer returns the principal due: "Once the creditor has fulfilled its obligations under §226.23(d)(2), the consumer must tender to the creditor any property or money the creditor has already delivered to the consumer." 12 C.F.R. §226.23(d)(3)-1.] Notwithstanding, the Truth in Lending Act "... generally provides that the creditor shall perform first (i.e., return monies paid by the debtor and release its security interest); however, the Act gives courts discretion conditioning rescissions upon the debtor's prior return of the principal. (citations omitted)" <u>FDIC v. Hughes Development Co.</u>, 938 F.2d 889, par. 5 (8th Cir. 1991). *See also* <u>LaGrone v. Johnason</u>, 534 F.2d 1360, 1362 (9th Cir. 1976).

Where, as here, Sanctuary has repeatedly acted in bad faith, it seems inappropriate to require Adam Visnick to repay to Sanctuary the principal ***before*** rescission.

> When a [borrower] exercises his right to rescind, ... he is not liable for any finance or other charge, and any security interest given by the [borrower] becomes void upon such a rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the [borrower] any money or property ... and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the borrower, the [borrower] may retain possession of it. Upon performance of the creditor's obligations under this section, the [borrower] shall tender the property to the creditor ....

15 U.S.C. §1635(b). "The creditor must take whatever steps are necessary to indicate that the security interest is terminated. Those steps include the cancellation of documents creating the security interest, and the filing of release or termination statements in the public record." 12

C.F.R. §223.23(d)(2)-3.

Monies already paid by the consumer to the creditor must be refunded upon rescission. 12 C.F.R. §223.23(d)(2)-1. Monies to be refunded include "... finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party." In this case, Adam Visnick would be required to refund the face amount of the $260,000 note less prepaid interest of $15,600, the commitment fee of $6,000, recording fees, appraisal fees and legal fees charged by closing counsel. This sum would be approximately $235,000.

5.) <u>Security</u>:

Rule 65(c) provides that "[n]o ... preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." As discussed in the Affidavit of Howard Visnick, the property is to be sold for $420,000 and is secured by a first mortgage in favor of the defendant to secure a note with a face value of $260,000. Adequate security is already provided.

If the property is sold, the plaintiff is willing to post $300,000 with the Clerk to secure any loss the defendant might sustain subject to the terms of a final adjudication.

## V. **CONCLUSION**:

The plaintiff provided written notice of his intent to rescind, and the creditor defendant ignored that notice. A foreclosure is scheduled which will prevent the scheduled sale. Adam Visnick asks that the foreclosure sale be preliminarily enjoined pending final judgment and that the mortgage be discharged subject to the posting of $300,000 with the Clerk from the sale

proceeds..

Respectfully submitted:

Robert S. Wolfe, Esq.
Robert Wolfe Associates, P.C.
65 Middle Street
P.O. Box 1600
Gloucester, Ma. 01931
(978) 281-0190
BBO # 532500

May 6, 2004

## CERTIFICATE OF SERVICE

I, Robert S. Wolfe, Esq., hereby certify that I have served a copy of the foregoing papers upon the defendant and counsel by Express Mail at the following addresses:

David M. Wardwell, Esq.
92 State Street
Boston, Ma. 02109

Sanctuary 4298 Investments, LLC
647 Sanctuary Drive
Boca Raton, Fla. 33431

May 6, 2004

Robert S. Wolfe