UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10815 MLW

**ADAM J. VISNICK**
and
**HOWARD VISNICK**
Plaintiffs

vs.

**SANCTUARY 4298 INVESTMENTS LLC**
Defendant

### AFFIDAVIT OF HOWARD VISNICK DATED MAY 5, 2004

I, Howard Visnick, hereby take oath and swear:

1.) I am a resident of 15A Plum Street, Gloucester, Ma. and a citizen of the State of Florida. Adam Visnick owns the home at 15A Plum Street, Gloucester, Ma. where I reside. At all times material hereto I have been a member of the Bars of the Commonwealth of Massachusetts and State of Florida specializing in criminal defense. I have never acted as a conveyancer or real estate attorney.

2.) In the end of December 2002 or beginning of January 2003 I called a former client Robert Abrams in Boca Raton, Florida and asked him if he knew any mortgage lenders in Massachusetts. Mr. Abrams had owned a company known as "Northeast Trucking" which was sold to Penske Trucking. I had defended his company before the sale for claims arising out of an accident in Florida approximately fifteen years ago. I knew that Mr. Abrams had active real estate interests in the Commonwealth of Massachusetts including

a large subdivision in the Plymouth area and the financing of the rehabilitation of buildings in the Back Bay. I also knew he had financed the construction of two high rise buildings in Palm Beach County, Florida. He once told me that he received twenty to thirty business plans per week soliciting financing and that "only one or two are worth reading."

3.) I told Mr. Abrams that my son needed to refinance his home because of the failure of my son's business and the current delinquency in his mortgage with Chase Manhattan Bank. I told Mr. Abrams that my son and I both had bad credit. I told Mr. Abrams that my son had a financing commitment but that the terms were onerous.

4.) Mr. Abrams told me to fax him a copy of the commitment and that his wife Alice was involved in mortgage placement. Mr. Abrams said "That's what she does."

5.) Shortly thereafter Mr. Abrams and I spoke again. He said "This guy's trying to own your house." He said he would loan the money for "two percent less." I said "Great - let's do it." He said I would have to co-sign. I reminded him that my credit was bad. He said he would have his attorney David Wardwell prepare the paper work.

6.) I spoke with David Wardwell and we arranged a closing date. Mr. Wardwell told me that "He must like you. He never does anything so small."

7.) On or about January 20, 2003 my son and I went to Attorney Wardwell's office on State Street in Boston to sign a six month Note and Mortgage, copies of which are attached to my son's Affidavit. I signed a personal guarantee. The lender was Sanctuary 4298 Investments LLC. Mr. Wardwell did not give us copies of any documents at the closing.

8.) The face amount of the Note was $260,000 which included prepaid interest of $15,600

and a commitment fee of $6,000. Funds from the Note were also used by Attorney Wardwell, in part, to pay closing costs, filing fees and legal fees for Attorney Wardwell.

9.) Within two or three days Mr. Wardwell visited and inspected 15A Plum Street in Gloucester. I also observed Attorney Wardwell deliver a portion of the net loan proceeds in the form of a check in the amount of $15,000 to Attorney Robert Wolfe, an attorney representing my son in an unrelated matter, at 65 Middle Street in Gloucester. During his visit I observed Mr. Wardwell deliver a copy of the Note and Mortgage to Adam Visnick. Sometime later I observed Adam Visnick received additional documents by mail from Attorney Wardwell.

10.) The prepaid interest amount was exhausted after six months, and Adam Visnick and I were unable to pay-off the Note on a timely basis through sale of the house. The delay of the sale was due, in part, to delays in renovation of the house.

11.) In late 2003 or early January of 2004 Sanctuary 4298 Investments LLC initiated foreclosure proceedings in the Land Court under the Soldiers and Sailors Civil Relief Act. I filed an objection to the proceedings on behalf of Adam Visnick on January 15, 2004, and Adam Visnick and I continued with efforts to sell or refinance the home.

12.) On March 4, 2004 Sanctuary published a Second Notice of Intention to Foreclose and published a notice of foreclosure sale in the local newspaper to occur on April 5, 2004. (A copy is attached hereto as Exhibit 1.) In March of 2004 Attorney Wardwell called me and asked that Adam Visnick and I come to his office in Boston for a meeting. He offered to help us refinance the home and avoid a foreclosure. We went to Boston and met with Attorney Wardwell. During the meeting Attorney Wardwell presented Adam with a

document which Attorney Wardwell indicated was a waiver of his right of rescission. Attorney Wardwell said the document would be dated before the date of the Land Court filings. Adam Visnick refused to sign and said he would have to seek the advice of his attorney Robert Wolfe. I had never seen the right of rescission form before that meeting.

13.) We returned home and contacted Attorney Wolfe. I researched the "right of rescission" issue and learned for the first time about the Truth in Lending Act and regulations promulgated thereunder.

14.) After consulting with counsel, Adam Visnick and I each gave written notice of our intention to rescind the mortgage on March 23, 2004. A copy of each Notice to Cancel is attached to the Affidavit of Adam Visnick. I mailed both documents at the Post Office by certified mail, return receipt requested.

15.) On March 26, 2004 I sent a Notice of Violation of Due Process and Good Faith to Borrower and Guarantor. (A copy of the Notice is attached hereto as Exhibit 2.) On April 4, 2004 the foreclosure sale was continued by Sanctuary to May 5, 2004. (A copy of the letter confirming the continuance is attached as Exhibit 3) People attending the scheduled sale on April 5 were given a handout that the sale was continued to May 5, 2004. (A copy of the handout is attached as Exhibit 4) There was no publication of the new foreclosure date in the newspaper.

16.) On April 15, 2004 Adam Visnick received a loan commitment from Suffolk Partners Realty Trust. A copy of the loan commitment is attached to the Affidavit of Adam Visnick.

17.) On April 19, 2004 Adam Visnick demanded that Sanctuary 4298 Investments LLC

schedule a closing for the payoff of the Note consistent with the Notice to Cancel. A copy of the demand is attached to the Affidavit of Adam Visnick. I prepared the document for the signature of Adam Visnick and mailed it at the Post Office by certified mail, return receipt requested.

18.) On April 21, 2004 my attorney received a letter from Attorney Wardwell advising that the foreclosure was to be continued from May 5, 2004 to May 19, 2004. (A copy of the letter is attached hereto as Exhibit 5.) There was no publication of the new date in the newspaper.

19.) On April 23, 2004 I prepared a demand for relief under G.L.c. 93A on behalf of Adam Visnick and me to Sanctuary 4298 Investments LLC. (A copy of the letter is attached hereto as Exhibit 6.) I mailed the document at the Post Office by certified mail, return receipt requested.

20.) On May 5, 2004 Adam Visnick accepted an offer to sell the property for $420,000. The offer and acceptance include a commitment to give Adam Visnick a right of first refusal in the event the purchaser chooses to resell the property. (A copy of the offer is attached hereto as Exhibit 7.)

21.) A foreclosure sale would be unlikely to generate sales proceeds of $420,000 or more and would result in immediate and irreparable harm.

Under pains and penalties of perjury;

*/s/ Howard Visnick*
Howard Visnick
Dated: May 5, 2004

## NOTARY PUBLIC

**ESSEX, SS.**

    Then came Howard Visnick before me and declare that his signature was his free act and deed.

*[signature: Nancy J. Gillespie]*

My Commission Expires: March 4, 2005

DAVID M. WARDWELL
ATTORNEY AT LAW
92 STATE STREET
BOSTON, MA 02109

FAX  (617) 523-9988                    TEL  (617) 523-5300

## SECOND NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

To:  Adam J. Visnick                          Date: March 4, 2004
     15A Plum Street
     Gloucester, MA 01930

You are hereby notified, in accordance with the statute, of the intention of Sanctuary 4298 Investments LLC, on or after April 5, 2004, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on property situated at 15A Plum Street, Gloucester, Massachusetts, said mortgage dated January 20, 2003, and recorded with the Essex County (Southern District) Registry of Deeds at Book 20027, Page 205, said mortgage given to secure a note signed by you, for the whole or part of which you may be liable to Sanctuary 4298 Investments LLC in case of a deficiency in the proceeds of the foreclosure sale. This notice is given in accordance with statute as a warning the you may be liable for any deficiency in the proceeds of the foreclosure sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above. No efforts to collect any deficiency may be undertaken without bankruptcy court approval while a bankruptcy proceeding is pending.

Very truly yours,

Sanctuary 4298 Investments LLC
By its attorney,

David M. Wardwell

BY REGULAR AND REGISTERED MAIL NO. RA54407-853 US
RETURN RECEIPT REQUESTED

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

To:
                                                          26 March 2004

David M. Wardwell, Attorney
92 State Street
Boston, Ma 02109


Sanctuary 4298 Investments LLC
647 Sanctuary Drive
Boca Raton, Fl 33431


Re:

Mortgagee's sale
15A Plum Street, Gloucester, Ma
Land Court Case no. 294735
Judgement entered: 2/25/04

NOTICE OF VIOLATION OF DUE PROCESS AND GOOD FAITH TO BORROWER

AND GUARANTOR

You are hereby notified that Adam J. Visnick, borrower, and Howard L. Visnick, guarantor, under that certain mortgage subject to the above referenced case, consider your failure to vacate the judgment of foreclosure entered on 2/25/04 and cancel the MORTGAG- ees SALE as a violation of due process and as an act of bad faith to the borrower and guarantor. The duty of good faith is mand- ated by MGL 93A. See also Snowden, et al. vs Chase Manhattan Mortgage Corp., et al. Worcester Superior Court, case no. 03-0001 B.

WE HEREBY DEMAND THAT YOU IMMEDIATLY VACATE THE JUDGMENT ENTERED ON 2/25/04 and CANCEL THE SALE, based on the following:

1. Notice To Cancel
2. Re-mortgage pending

                                                Sincerly,


                                                _____
                                                Howard L. Visnick

**m@il.com**

??? Help

EMAIL | CALENDAR | ADDRESSES | NOTEPAD | PREMIUM

Great Expectations
Finding Singles in your Area

Searching for singles in your area

**Read Message**          **Printable Version**          Previous | Next

[Reply] [Reply All] [Forward] [As Attachment ▼] [Delete]     [Move To] [Trash ▼]

**From:** DWard0177@aol.com     Save Address    Block Sender    This Is Spam

**To:** hlvisnick@email.com
**CC:**
**Subject:** Foreclosure Cotinuance
**Date:** Fri, 2 Apr 2004 09:02:11 EST

Show Full Headers                                   Back To [INBOX]

Howard

At your request this email will confirm that the Foreclosure Sale for 15 a Plum Street, Gloucester, MA has been continued from 10:00 A.M. on April 5, 2004 to 10:00 A. M. on May 5, 2004.

On April 5, 2004, I will be at the Property to announce the continuation of the sale as stated above.

David Wardwell

[Reply] [Reply All] [Forward] [As Attachment] [Delete]     [Move To] [Trash ▼]
                                                            Previous | Next

SELECT UNIVERSITY OF PHOENIX DEGREE PROGRAM
- Criminal Justice
- MBA
- Business
- Nursing
- Information Technology
- Management

© Copyright 2004 mail.com Corp. All rights reserved.

EXH. 4

## NOTICE OF CONTINUATION AND RESCHEDULING OF MORTGAGEE'S SALE OF REAL ESTATE

The Public Auction scheduled at 10:00 A.M. on April 5, 2004 notice of which was published in the Gloucester Daily Time on March 8, 15 and 22, 2004 said auction by virtue and in execution of the power of sale contained in a certain mortgage given by Adam J. -Visnick to Sanctuary 4298 Investments LLC, dated January 20, 2003 and recorded with the Essex County (Southern District) Registry of Deeds at Book 20027, Page 205, of which mortgage Sanctuary 4298 Investments LLC is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing, has been <u>continued and rescheduled to May 5, 2004 at 10:00 A. M. on the mortgaged premises located at 15A Plum Street, Gloucester</u>, Essex County, Massachusetts, all and singular the premises described in said mortgage.

Monday 4/5/04

Robert,

Wardwell was in driveway this a.m. handing out this notice. He told Phil he called several people to notify them of the continuance.

It sure doesn't appear he's trying to help us sell the place —

Friday I requested he just tell potential buyers the problem was resolved, he agreed, they sent the e-mail paper herewith —

[signature]

# Robert S Wolfe

**From:** <DWard0177@aol.com>
**To:** <RWASSOCIATES@PRODIGY.NET>
**Sent:** Wednesday, April 21, 2004 2:11 PM
**Subject:** 15A Plum Street

BY FACSIMILE 978-281-0589    April 21, 2004

Robert S. Wolfe, Esq.
65 Middle Street
Gloucester, MA 01930

Re: Adam J. Visnick   Howard L. Visnick
 15 A Plum Street
 Gloucester, MA 01930

Dear Mr. Wolfe:

This letter is forwarded to inform you and your clients, Adam J. Visnick and Howard L. Visnick, that the foreclosure sale scheduled at 10:00 A.M. on May 5, 2004 for the property located at 15 A Plum Street, Gloucester, Massachusetts is being continued at the direction of my client until 10:00 A. M. on May 19, 2004 at the same location.

Please note, on April 5, 2004, at the scheduled 10:00 A. M. foreclosure auction time, I will be present at that location to formally continue the foreclosure sale to 10:00 A. M. on May 19, 2004 as noted above.

In addition, I have been instructed to communicate only in writing from date hereof as to any and all matters related to my client's loan to Adam J. Visnick.

    Very truly yours,

    David M. Wardwell

DMW/

Exh. 6

# HOWARD L. VISNICK, ESQ.
15A Plum Street
Gloucester, Ma. 01930
(978) 283-3483

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

David M. Wardwell, Esq.
92 State Street
Boston, Ma. 02109

Sanctuary 4298 Investments LLC.
647 Sanctuary Drive
Boca Raton, Fla. 33431

April 23, 2004

RE: Mortgage dated January 20, 2003 of Adam Visnick

Gentlemen:

I am sending this letter on behalf of Adam J. Visnick and myself.

This is a demand for relief pursuant to G.L. c. 93A arising out of the following facts:

1.) On or before January 20, 2003 David Wardwell, an attorney engaged in the business of real estate conveyancing, was retained by Sanctuary 4298 Investments LLC to prepare and record a residential mortgage note and mortgage deed relating to 15A Plum Street, Gloucester, Mass. dated January 20, 2003 in connection with a residential real estate loan to be given by Sanctuary 4298 Investments, LLC to Adam Visnick, a consumer. The note was to mature six months later on July 21, 2003. The parties to the note and mortgage anticipated that the property would be sold or refinanced before the expiration date of the note. The costs of these legal services was to be paid by Adam Visnick. I agreed to sign the Note as guarantor.

2.) On or before January 20, 2003 David Wardwell prepared and recorded the note in the face amount of $260,000 and residential mortgage deed executed in favor of Sanctuary 4298 Investments, LLC by Adam Visnick and guaranteed by me. The costs of the legal services were paid by Adam Visnick. The principal included prepaid interest and a commitment fee. When the documents were prepared, Attorney Wardwell failed to prepare a waiver of Adam Visnick's right to rescind the note under the Truth in Lending Act, 15 U.S.C. §1640 and Regulation Z promulgated thereunder.

Page -1-

3.) The property was not able to be sold or refinanced before the expiration date of the note.

4.) In January of 2004 David Wardwell on behalf of the mortgagee purported to serve upon the mortgagor a Notice of Mortgagee's Sale of Real Estate with a sale to be held on April 5, 2004. Thereafter, David Wardwell as counsel for the mortgagee filed a foreclosure proceeding in the Land Court entitled Sanctuary 4298 Investments LLC v. Adam J. Visnick, Case No. 294735. A copy of the Complaint was never served upon Adam Visnick.

5.) On February 25, 2004 the Land Court entered judgment in favor of the mortgagee in the matter entitled Sanctuary 4298 Investments LLC v. Adam J. Visnick, Case No. 294735.

6.) On March 4, 2004 David Wardwell on behalf of the mortgagee filed a Second Notice of Intention to Foreclose Mortgage and of Deficiency after Foreclosure of Mortgage and served a Notice of Mortgage Foreclosure Sale upon the mortgagor.

7.) On March 23, 2004 Adam Visnick and I served a Notice to Cancel upon the mortgagee stating Adam's election to rescind the mortgage. Pursuant to that right, the mortgagee and its counsel were required to cancel and discharge the security interest held by the mortgagee in the Visnick property within twenty days of service of the Notice.

8.) Following the service of the Notice to Cancel, counsel for Adam Visnick asked David Wardwell to confirm in writing his intention to comply with the cancellation, vacate the judgment entered in the Land Court, and dismiss the Land Court proceeding. The confirmation of the intent to discharge was necessary for Adam Visnick to obtain financing from a real estate lender for the funds necessary to repay the mortgagee on the date of recission. Notwithstanding, Attorney Wardwell failed and refused to provide written confirmation of his client's intention to discharge the mortgage for the recission amount. Moreover, Attorney Wardwell failed and refused to stipulate to vacate the judgment and dismiss the matter entitled Sanctuary 4298 Investments LLC v. Adam J. Visnick, Case No. 294735. Lastly, David Wardwell failed and refused to cancel the foreclosure sale scheduled for April 5, 2004.

9.) Adam Visnick received a written commitment from a commercial lender sufficient to refinance the property. He then sent Sanctuary and its counsel a demand to schedule a closing. Instead, Sanctuary and its counsel rescheduled the foreclosure sale and refused to rescind.

10.) Adam Visnick has received offers to purchase his home in amounts between

$150,000 and $160,000 - well below the fair market value of approximately
[illegible] and [illegible] had also [illegible] with the [illegible] pending [illegible]
or [illegible] and indicated that he had conferred with the office of David
Wardwell the pendency of the foreclosure proceedings. The pendency of the
foreclosure proceedings has depressed by more than $150,000 the value of the
property.

11.)   The failure of David Wardwell and Sanctuary 4298 Investments LLC to vacate the
Land Court judgment, dismiss the Land Court proceeding, acknowledge their
obligations in writing arising out of the Notice to Cancel and cancel the
foreclosure sale is an unfair and deceptive trade practice in violation of The Truth
in Lending Act, Regulation Z, and G.L. c. 93A.

Demand is hereby made upon David Wardwell and Sanctuary 4298 Investments LLC pursuant to
G.L. c.93A to: 1.) vacate the Land Court judgment; 2.) dismiss Sanctuary 4298 Investments LLC
v. Adam J. Visnick, Case No. 294735; 3.) cancel the foreclosure sale; and 4.) schedule a closing
for the rescission.

Damages for failure to accede to this demand will include, in particular but not in limitation, a
claim for loss of equity in the home in an amount of approximately $150,000, a claim for
intentional infliction of emotional distress, and a claim for such other special and general
damages as may be appropriate. In addition, the plaintiff will seek an award of multiple damages,
legal expenses and fees.

Please respond within the period required under G.L.c. 93A.

Very truly yours,

Howard Visnick

# CONTRACT TO PURCHASE
### NORTH SHORE ASSOCIATION OF REALTORS®, Inc.

DATE: _____    From the office of: _____
                          Presented to: _____
TO: _____                     Listing Office--Listing Agent
                          SELLER(S)
Property Address: _____  Town/City: Rockport  State: MA
Approximate Lot Size: _____  Book _____ Page _____ Registry of Deeds: Essex

### 1. WE HEREBY OFFER TO PAY FOR THE ABOVE-NOTED PROPERTY:
(a) $ 430,000 , of which
(b) $ 1,000 is paid herewith as a deposit to bind this Offer
(c) $ 20,000 is to be paid as an additional deposit on or before May 20, 2004.
(d) $ 295,000 is to be paid at a time of delivery of the deed, by cash, certified or bank check
(e) $ 430,000 **Total Purchase Price**

All deposits shall be held in escrow by Carlson GMAC Realty, as escrow agent, to be duly accounted for at closing.

### 2. ACCEPTANCE TERMS:
This Offer shall remain open until 12:00 A.M./P.M. May 6, 2004 and may be accepted only by the SELLER(s) signing this document prior thereto where noted, signifying acceptance of this Offer. Upon acceptance by SELLER(s) this shall become the contract between the parties; otherwise, this Offer shall be considered rejected, and any deposit paid in accordance herewith returned to BUYER(s).

### 3. AGENCY DISCLOSURE ACKNOWLEDGEMENT:
The BUYER(s) and SELLER(s) acknowledge receipt of the notice required by Regulation 254 of the Code of Massachusetts Regulations, Section 2.05(15), regarding the relationship of the Broker(s) with the BUYER(s) and SELLER(s) of the property.

### 4. LEAD LAW ACKNOWLEDGEMENT AND INSPECTION:
BUYER(s) acknowledge receipt of the 'Massachusetts Department of Public Health Property Transfer Notification' regarding the Lead Law. This contract is contingent upon a risk assessment or inspection of the property for the presence of lead-based paint and/or lead-based paint hazards at the Buyer's expense until 9:00 P.M. on the tenth calendar day after Seller's acceptance. This contingency will terminate at the above predetermined deadline unless the Buyer (or Buyer's agent) delivers to the Seller (or Seller's agent) a written contract addendum listing the specific existing deficiencies and corrections needed, together with a copy of the inspection and/or risk assessment report. The Seller may, at the Seller's option, within five days after Delivery of the addendum, elect in writing whether to correct the condition(s) prior to settlement. If the Seller will correct the condition, the Seller shall furnish the Buyer with certification from a risk assessor or inspector demonstrating that the condition has been remedied before the date of the settlement. If the Seller does not elect to make the repairs, or if the Seller makes a counter-offer, the Buyer shall have five days to respond to the counter-offer or remove this contingency and take the property in "as-is" condition or this contract shall become void. The Buyer may remove this contingency at any time without cause.

### 5. INSPECTION; BUYER(s)' ELECTION TO TERMINATE:
This Contract is subject to the right of the BUYER(s) to obtain, at the BUYER(s)' sole cost, a home inspection of the premises by consultants(s) of the BUYER(s) own choosing within ten (10) days after the SELLER(s)' execution of this Contract or no later than May 16, 2004. If the BUYER(s) is not satisfied with the results of such inspection, this Contract may be terminated by the BUYER(s) at the BUYER(s) election, without legal or equitable recourse to any party, the parties thereby releasing each other from all liability under this Contract, and all deposits shall be returned to the BUYER(s). However, in order to elect to terminate, BUYER(s) must notify the SELLER(s) and Listing Broker(s) in writing, on or before the expiration of the ten (10) day inspection period, of BUYER(s)' intentions to so terminate; failure to so notify will bar the BUYER(s) from termination under this paragraph. In the event the BUYER(s) do not elect to have such inspection or to so terminate within ten (10) days, the SELLER(s) and the Broker(s) are hereby released from liability relating to defects in the premises which the BUYER(s) or BUYER(s)' consultants(s) could reasonably discover.

_____  _____                Page 1 of 2                _____  _____
BUYERS' Initials  BUYERS' Initials                        SELLERS' Initials  SELLERS' Initials

6. **FINANCING:**
This Contract is subject to the BUYER(s) obtaining a Conventional, VA, or FHA first mortgage commitment of
$ _____ at prevailing interest rates, points and terms. If the BUYER(s) is unable to obtain the above-noted financing, after using diligent efforts to do so, which 'diligent efforts' shall mean at least one application to an institutional lender made on or before _____ 20 ___, then BUYER(s) may terminate this Contract by notifying the SELLER(s) and Listing Broker(s) in writing, on or before _____, 20 ___, upon which notification all deposits shall be returned to the BUYER(s). Failure to so notify will bar the BUYER(s) from termination under this paragraph.

7. **CLOSING:**
A good and sufficient Deed, conveying a good and clear record and marketable title shall be delivered, by the SELLER(s), on or before _____:_____ A.M./P.M. _____, 20 ___ at the appropriate Registry of Deeds, unless some other time and place are mutually agreed upon in writing. Time is of the essence of this Contract.

8. **SPECIAL PROVISIONS:**
1) Buyer to assume seller betterment _____
2) _____
3) _____

9. **WARRANTIES & REPRESENTATIONS:**
The BUYER(s) acknowledges that he/she has not relied upon any warranties or representations not incorporated in this contract, except for the additional warranties and representations, if any, made by either the SELLER(s) or the Broker(s). If none, state "NONE". NONE

NOTICE: THIS IS A LEGAL DOCUMENT THAT CREATES BINDING OBLIGATIONS. IF NOT UNDERSTOOD, CONSULT AN ATTORNEY.

BUYER: _____ Signature
BUYER: William Lynn Print name

BUYER: _____ Signature
BUYER: _____ Print name

This Offer is hereby **accepted** at _____ A.M./P.M. on _____, 20 ___.

SELLER: _____
ADDRESS: _____

SELLER: _____
ADDRESS: _____

This Offer is hereby acknowledged but **rejected** at _____:_____ A.M./P.M. ON _____, 20 ___.

SELLER: _____ Signature
SELLER: _____ Print name

SELLER: _____ Signature
SELLER: _____ Print name

All rights reserved. The use, distribution or reproduction of this form, in whole or in part, is permitted only by the express written consent of the North Shore Association of REALTORS®, Inc.

*subject to the terms hereof provided;
however, that in the event of any disagreement
between the parties, the escrow agent may
retain said deposit pending instruction
mutually given by the parties

©N.S.A.R. 4/91, 10/96

Page 2 of 2

**Subject Property**

15 A Plum Street
Gloucester, Massachusetts

**Special Provisions (written in by seller, not yet agreed upon by buyer):**

1. Buyer to assume sewer betterment (city loan), of not more than $7,500, which is in addition to purchase price of $420,000.

2. Right of first refusal to purchase house, to trigger at or before any sale or beneficial transfer, other than remortgaging or refinancing.

3. Deposit due on May 20, 2004 shall be paid as follows: $5,250 paid directly to seller, and is non-refundable, other than for cause related to seller's inability to perform. Remainder held by Carlson GMAC and is refundable.

4. Closing shall be no later than July 31, 2004. Seller has right to demand closing prior to July 31, 2004, but no earlier than June 5, 2004. Seller must give a minimum of 20 days notice to closing.

UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10815 MLW

ADAM J. VISNICK
and
HOWARD VISNICK
Plaintiffs

vs.

SANCTUARY 4298 INVESTMENTS LLC
Defendant

### LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Robert S. Wolfe, Esq., hereby certify that I have conferred and attempted in good faith to resolve and/or narrow the issues regarding the Motion for Preliminary Injunction.

Respectfully submitted:

Robert S. Wolfe, Esq.
Robert Wolfe Associates, P.C.
65 Middle Street
P.O. Box 1600
Gloucester, Ma. 01931
(978) 281-0190
BBO # 532500

May 3, 2004

### CERTIFICATE OF SERVICE

I, Robert S. Wolfe, Esq., hereby certify that I have served a copy of the foregoing papers upon the defendant and counsel by Express Mail at the following addresses:

David M. Wardwell, Esq.
92 State Street
Boston, Ma. 02109

Page -1-

**WOLFE ASSOCIATES, P.C.**
65 Middle Street
P.O. Box 1600
Gloucester, Ma. 01930
*Telephone: (978) 281-0190*
*Fax: (978) 281-0589*
*E-Mail: RWAssociates@ Prodigy.net*

BY FAX
   (617) 523-9988

David M. Wardwell, Esq.
92 State Street
Boston, Ma. 02109

May 3, 2004

Re:   <u>Visnick v. Sanctuary 4298 Investments, LLC</u>:
       United States District Court, C.A. No. 04-10815 MLW

Dear Mr. Wardwell:

On information and belief you intend to proceed on behalf of Sanctuary 4298 Investments, LLC with a foreclosure of the Visnick premises on May 17, 2004. This is contrary to your letter to me dated April 21, 2004 wherein you indicated that the new date for foreclosure was May 19, 2004.

I sent you a courtesy copy of the Complaint and Motion for Short Order of Notice on April 26, 2004. I was advised by the Clerk for Judge Wolf on Thursday that I should submit a Motion for Preliminary Injunction in lieu of the original motion.

The Clerk's Office in Palm Beach advises that the Complaint and Summons will be served today.

Pursuant to Local Rule 7.1 of the United States Court for the District of Massachusetts, I am attempting to confer as to whether Sanctuary 4298 will continue the foreclosure sale scheduled for May 17, 2004 by agreement pending a resolution of the claims contained in the Complaint. If no agreement is reached, I will proceed with the Motion for Preliminary Injunction.

Thank you.

                                               Very truly yours,

                                               Robert S. Wolfe

Sanctuary 4298 Investments, LLC  
647 Sanctuary Drive  
Boca Raton, Fla. 33431

May 3, 2004

*Robert S. Wolfe* (signature)